UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

In re *Ex Parte* Application of Shareefah Khalid Alghanim in Support of Application for an Order to Conduct Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782,

**Filing Under Seal NOT Requested**

Petitioner,

_____/

### *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING

Petitioner, Shareefah Khalid Alghanim, respectfully asks this Court to grant the Order attached as Exhibit "A" to this Application, which grants Petitioner leave, pursuant to 28 U.S.C. § 1782 and Rules 26 and 45 of the Federal Rules of Civil Procedure, to serve upon Citibank, N.A. ("Citibank"), the subpoena attached as Exhibit "B" to this Application.

The requested relief is necessary for the purpose of obtaining limited, but necessary, discovery in connection with a proceeding currently pending before the British Virgin Islands Commercial Court (the "BVI Proceeding"). The BVI Proceedings involve Future Media Architects, Inc. ("FMA"), a BVI based company for which Petitioner is secretary, vice-president, and a fifty-percent shareholder. Based upon the concurrently filed Declaration of the Petitioner Shareefah Khalid Alghanim and the accompanying Memorandum of Law to this Application, the Court should grant this Application *ex parte*. Although Petitioner requests *ex parte* relief, Petitioner **does not request** that this matter be sealed by the Court.

Citibank is the entity to be subpoenaed for documents which, as set forth in more detail below and in the accompanying Memorandum of Law, Petitioner seeks for use in the BVI

Proceeding. Petitioner believes that the documents sought will further the BVI Proceeding by assisting the Petitioner to trace and recover assets due to her from the sale of FMA assets, a process undertaken with the knowledge and approval of the BVI Commercial Court.

A. **The BVI Proceeding.**

Petitioner and her brother, Thunayan Khalid Alghanim ("Thunayan"), are each fifty-percent shareholders of FMA, which is among the world's largest holders of internet domain names. In 2012, FMA's assets were valued at over $57 million. Following several years of mismanagement by her brother, occasioned by a serious drug and alcohol problem, Petitioner petitioned the BVI court to, *inter alia*, appoint a receiver over FMA's assets. Her petition was granted on October 17, 2013.

In 2014, Petitioner and Thunayan agreed to hold the BVI receivership in abeyance while professional persons set about selling certain of FMA's assets. Over Petitioner's objection, Thunayan opened an account with Citibank (the "Citibank Account") in the United States for the purpose of depositing proceeds from the sale of FMA's domain names. The sale of FMA assets generated more than $24 million in revenue, but Petitioner has received only a fraction of that amount (approximately $9 million), notwithstanding her 50% interest in the company (and several outstanding loans she made to FMA). Since January 28, 2016, Thunayan has stopped sending Petitioner reports regarding the sale of FMA assets.

Thunayan has made it impossible for Petitioner to value the company and protect its company's assets. Moreover, Petitioner is unable to determine the amounts properly due to her from the sale of FMA assets.

Although Petitioner understands the Citibank Account was to be used for the deposit of several million dollars' worth of revenue from the sale of FMA assets Petitioner is unaware of

the status of the Citibank Account, whether all or even some of the proceeds of the sale of FMA assets were transferred to the Citibank Account, or if it even remains open. *Id.* at ¶ 28. Petitioner believes that the proceeds of the Citibank Account may have been transferred to Thunayan's personal accounts, among others. Accordingly, Petitioner seeks discovery from Citibank in aid of the BVI Proceeding.

B. **The Documents Sought.**

Petitioner seeks the following documents from Citibank:

1. All documents pertaining to the opening of the Citibank Account.

2. All documents sufficient to identify any authorized signatories to the Citibank Account, including signature cards.

3. All documents showing the account activity in the Citibank Account, including, but not limited to, bank statements, deposit tickets, credit and debit memos, cancelled checks, and any IRS 1099 Form reports.

4. All documents relating to the current status of the Citibank Account.

5. All documents showing communications between Citibank, or any affiliated persons, and any persons purporting to act on behalf of FMA.

6. Documents sufficient to identify any other bank accounts held at Citibank in the name of or for the benefit of FMA (hereafter, "Additional FMA Accounts").

7. To the extent any Additional FMA Accounts exist:

    a) All documents pertaining to the opening of any Additional FMA Accounts;

    b) All documents sufficient to identify any authorized signatories to any Additional FMA Accounts, including signature cards.

    c) All documents showing the account activity in any Additional FMA Accounts, including, but not limited to, bank statements, deposit tickets, credit and debit memos, cancelled checks, and any IRS 1099 Form reports.

    d) All documents relating to the current status of Additional FMA Accounts.

8. All documents showing communications between Citibank, or any affiliated persons, and Thunayan.

3

9. All documents relating to the opening of any accounts by Thunayan on or after October 16, 2013.

10. All documents from October 16, 2013 to the present showing activity in any account(s) held in Thunayan's name, including, but not limited to, bank statements, deposit tickets, credit and debit memos, cancelled checks, and any IRS 1099 Form reports.

C. **Petitioner's Application Should be Granted.**

Petitioner meets all the statutory criteria for the issuance of an order allowing the requested discovery under 28 U.S.C. § 1782. Citibank is located in this district,[1] and the Petitioner, a 50% owner of FMA who successfully petitioned the BVI courts to place FMA into receivership in the BVI, seeks to use the documents in that proceeding. The documents sought from Citibank are relevant to locating the FMA's assets and protecting Petitioner's ownership interests. Moreover, as set forth in the Memorandum of Law filed concurrently herewith, all the discretionary factors that this Court may consider likewise favor granting this *ex parte* application. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004) (describing discretionary factors).

Accordingly, Petitioner respectfully requests that the Court (a) grant the *Ex Parte* Application for an Order to Conduct Discovery in a Foreign Proceeding; (b) enter the Proposed Order attached to this Application as Exhibit "A," (c) grant Petitioner leave, pursuant to 28 U.S.C. § 1782, to serve the subpoena attached to this Application as Exhibit "B"; and (d) grant any and all other further relief to Petitioner as deemed just and proper.

---

[1] Non-Party witness Citibank, N.A. has several branches in Miami, Florida, including locations at 502 Brickell Avenue in Miami, 1600 Coral Way in Coral Gables, and 830 5th Street in Miami Beach.

610706662.1

Respectfully submitted this 1st day of May, 2017.

                                                  */s/ Michael S. Vitale*
Michael S. Vitale
Florida Bar No. 17136
E-mail: mvitale@bakerlaw.com
Robert W. Sowell
Florida Bar No. 113615
E-mail: rsowell@bakerlaw.com
**BAKER & HOSTETLER LLP**
200 South Orange Avenue, Suite 2300
Orlando, Florida 32801
Telephone: (407) 649-4083
Facsimile: (407) 841-0168
*Attorneys for Petitioner*